[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12222

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROCKY CREED KELLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:20-cr-00030-SCJ-JCF-1

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Rocky Creed Kelly appeals his convictions for receipt, distribution, and possession of child pornography, arguing that the district court erred in denying his motion to suppress because the search warrant was not supported by probable cause and the good-faith exception did not apply. The government responds by moving for summary affirmance, arguing that Mr. Kelly did not object to the magistrate judge's report and recommendation ("R&R") recommending denial of his motion to suppress and adopted by the district court, so he waived any argument about the denial of his motion to suppress.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. *See* 11th Cir. R. 31-1(c).

A party failing to object to a magistrate judge's findings or recommendations contained in a R&R waives the right to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. *See* 11th Cir. R. 3-1. In the absence of a proper objection, however, we may review on appeal for plain error, if necessary, in the interests of justice. *See id.*

We grant the government's motion for summary affirmance because its position is clearly correct as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Mr. Kelly waived his right to challenge the magistrate judge's factual and legal conclusions because he failed to object to the R&R. *See* 11th Cir. R. 3-1. In an order filed alongside the R&R, the magistrate judge informed Mr. Kelly that he had 14 days to object to the R&R and that failure to do so would waive his right to challenge the conclusions on appeal. Although he requested an extension of time to file objections, which was granted, Mr. Kelly never objected to the R&R, and thus waived his right to appeal the conclusions in the R&R. *See id.* Thus, the government is clearly correct as a matter of law that Mr. Kelly waived his right to appeal the conclusions in the R&R. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the motion for summary affirmance.

**AFFIRMED.**